Michael A. McGill, SBN 231613
mmcgill@adamsferrone.com
**ADAMS, FERRONE & FERRONE**
4333 Park Terrace Drive, Suite 200
Westlake Village, California 91361
Telephone:   (805) 373-5900
Facsimile:    (818) 874-1382

Attorneys for Plaintiffs,
CARLOS LIMON, ET AL.

## UNITED STATES DISTRICT COURT

## CENTRAL DISTRICT OF CALIFORNIA

| | |
|---|---|
| CARLOS H. LIMON, NORMA BRIBIESCA, JULIO CARRILLO, SALVADOR CURIEL, ALEJANDRO ESTRADA, STEVEN IWASKO, CIAN LENEHAN, ALEJANDRO MARIN, FRANK MEDINA, JOANA MENDOSA, HEATH MILLER, MARIA NEGRANTI, EFRAIN ISAAC OSEGUERA, ISRAEL REYES, and ROSANNE TESORO,<br><br>                Plaintiffs,<br><br>        vs.<br><br>CITY OF GUADALUPE, and DOES 1 THROUGH 10, inclusive,<br><br>                Defendants. | Case No.: 18-4122<br><br><br>**COMPLAINT FOR DAMAGES AND INJUNCTIVE AND DELCARATORY RELIEF ALLEGING VIOLATIONS OF THE FAIR LABOR STANDARDS ACT** (29 U.S.C. §§ 201 et seq.)<br><br>**DEMAND FOR JURY TRIAL** |

## <u>JURISDICTION</u>

1.      This Court has subject matter jurisdiction over this action pursuant to 28 U.S.C. §§ 1331 and 1343(3), as the controversy arises under "the Constitution,

laws or treatises of the United States." Specifically, the claim arises under the Fair Labor Standard Act of 1938, 29 U.S.C. §§ 201 et seq. ("FLSA").

## VENUE

2.   Venue is proper in the Central District of California pursuant to 28 U.S.C. §1391(b) because the acts, events, or omissions giving rise to the claim occurred in this District.

## PARTIES

3.   Plaintiffs Carlos H. Limon, Norma Bribiesca, Julio Carrillo, Salvador Curiel, Alejandro Estrada, Steven Iwasko, Cian Lenehan, Alejandro Marin, Frank Medina, Joana Mendosa, Heath Miller, Maria Negranti, Efrain Isaac Oseguera, Israel Reyes, and Rosanne Tesoro are each United States citizens and were employed by the Defendant City of Guadalupe at all times relevant to this action.

4.   Defendant City of Guadalupe (City) is a political subdivision of the State of California. Defendant is, and at all relevant times was, the employer of Plaintiffs. Defendant is an employer whose employees are engaged in commerce within the meaning of 29 U.S.C. §207(a) and as defined in 29 U.S.C. §§ 203(d) and 203(e)(2)(c).

## CLAIM FOR RELIEF

5.   Paragraphs 1 through 4 are incorporated herein.

6.   Defendants have willfully violated, and are willfully violating, the compensation requirements of the FLSA, 29 U.S.C. Section 207, by employing Plaintiffs, and all other similarly situated employees, for weeks longer than the applicable maximum weekly hours established by Section 207 of the FLSA, without properly compensating them for work performed in excess of the above described hours at rates not less than one and one-half times their regular rates of pay.

7.   Plaintiffs are non-exempt rank and file employees who are regularly suffered or permitted to work in excess of the applicable overtime threshold every

FLSA COMPLAINT

work period, but do not receive compensation for all such time worked at the rate of one and one-half times their regular rate of pay from Defendant.

8.    More specifically, Defendants are not paying for all hours worked above the overtime threshold, are not paying the correct base hourly rate of pay which thereby causes an incorrect regular rate of pay, and do not include all forms of compensation in its calculation of the Plaintiffs' regular rate of pay, all in violation of 29 U.S.C. Section 207.

9.    More specifically, Defendants have paid Plaintiffs the incorrect regular rate of pay, and thereby miscalculated the regular rate of pay, by utilizing incorrect and false hourly rates of pay.  In addition, the Defendants have further miscalculated the regular rate of pay by failing to include medical opt out monies in the regular rate of pay, in violation of *Flores v. City of San Gabriel*.  Further, the Defendants have further miscalculated the regular rate of pay by failing to include additional items of compensation in the regular rate, including but not limited to, specialty pay, premium pay, educational pay and other such items.  Finally, the City's medical plan is not bona fide, as defined by *Flores*, and as such, the City has further miscalculated the regular rate of pay by failing to include the monies provided to Plaintiffs ($775) to purchase medical insurance in the Plaintiffs' regular rate of pay.

10.    Plaintiffs must be paid compensation for overtime work pursuant to the provisions of Section 7 of the Fair Labor Standards Act, 29 U.S.C. § 207, et seq. ("FLSA"), and regulations of the United States Department of Labor, and state and local law, but they were not so paid.

11.    Plaintiffs have informed Defendant that the complained of policies and practices violate FLSA overtime provisions.  However, Defendant has refused to alter said policies and practices.  In fact, Defendant has refused to provide any meaningful response explaining its rationale and/or defense to said illegal practices.  Rather, Defendant has maintained the illegal practice.

FLSA COMPLAINT

12.     Defendants knew or should have known of its obligation to pay overtime compensation to Plaintiffs but nevertheless failed to honor that obligation.

13.     Defendants acted voluntarily and deliberately in maintaining an intentional practice of failing to compensate Plaintiffs in accordance with the FLSA.

14.     Plaintiffs have no administrative remedies to exhaust, and in this matter are not required to.

15.     As a direct and proximate result of their failure and refusal to pay such compensation, Defendants have violated Title 29 U.S.C. §207, et seq.

16.     As a direct and proximate result of Defendants' conduct, Plaintiffs have been damaged in an amount according to proof at trial including, but not limited to, a sum equivalent to the unpaid overtime compensation as required and such other and further damages as may be shown.

17.     Plaintiffs are also entitled to liquidated damages in a sum equal to the amount of the unpaid compensation due and owing pursuant to 29 U.S.C. §216(d).

18.     Plaintiffs are also entitled to recovery of reasonable attorney fees and costs incurred in pursuit of this action pursuant to 29 U.S.C. §216(b).

19.     Doing all things described and alleged, Defendants have deprived, and continue to deprive Plaintiffs of their rights, privileges and immunities which were clearly established at the time the Defendants acted herein and the Defendants knew or should have known that its conduct would violate these rights, privileges and immunities.  The Defendants acted with the intent to deprive the Plaintiffs of their rights, privileges, and immunities by purposely and intentionally refusing and failing to pay or compensate Plaintiffs for hours they worked.

## **PRAYER**

**WHEREFORE**, Plaintiffs pray for Judgment as follows:

1.     All actual, consequential, liquidated and incidental losses and

FLSA COMPLAINT

damages, according to proof;

2.      Such other damages as may be allowed in accordance with the Federal Rules of Civil Procedure, Rule 54(c), and 29 U.S.C. §216 according to proof at trial;

3.      Attorney fees pursuant to 29 U.S.C. §216 and costs pursuant to Rule 54(d) of the Federal Rules of Civil Procedure;

4.      Any and all other relief, including equitable relief, as the Court may deem just and proper.

Respectfully submitted,

Date: May 16, 2018        **ADAMS, FERRONE & FERRONE**

_____/s/_____
Michael A. McGill, Esq.
Attorneys for Plaintiffs,
CARLOS LIMON, ET AL.

## **DEMAND FOR JURY TRIAL**

Plaintiffs hereby demand a jury trial under F.R. Civ. P., Rule 38 and E.D. Local Rule 201.

Respectfully submitted,

Date: May 16, 2018        **ADAMS, FERRONE & FERRONE**

_____/s/_____
Michael A. McGill, Esq.
Attorneys for Plaintiffs,
CARLOS LIMON, ET AL.

FLSA COMPLAINT