Elizabeth T. Arce, Bar No. 216687
earce@lcwlegal.com
Jennifer K. Palagi, Bar No. 222536
jpalagi@lcwlegal.com
Jolina Abrena, Bar No. 198683
jabrena@lcwlegal.com
LIEBERT CASSIDY WHITMORE
A Professional Law Corporation
6033 West Century Boulevard, 5th Floor
Los Angeles, California 90045
Telephone: 310.981.2000
Facsimile: 310.337.0837

Attorneys for Defendant CITY OF GUADALUPE

UNITED STATES DISTRICT COURT

CENTRAL DISTRICT OF CALIFORNIA

| CARLOS H. LIMON, NORMA BRIBIESCA, JULIO CARRILLO, SALVADOR CURIEL, ALEJANDRO ESTRADA, STEVEN IWASKO, CIAN LENEHAN, ALEJANDRO MARIN, FRANK MEDINA, JOANA MENDOSA, HEATH MILLER, MARIA NEGRANTI, EFRAIN ISAAC OSEGUERA, ISRAEL REYES, AND ROSANNE TESORO, Plaintiffs, v. CITY OF GUADALUPE, and DOES 1 THROUGH 10, inclusive, Defendants. | Case No.: 2:18-cv-04122-CBM-E<br><br>Complaint Filed: May 16, 2018<br><br>**DEFENDANT CITY OF GUADALUPE'S ANSWER TO COMPLAINT FOR DAMAGES** |
|---|---|

Defendant CITY OF GUADALUPE ("Defendant City") answers and responds to the Complaint alleging violations of the Fair Labor Standards Act ("Complaint") filed by Plaintiff CARLOS H. LIMON, et al. as follows:

**JURISDICTION**

1.    Answering paragraph 1 of the Complaint, Defendant City admits that the Court has subject matter jurisdiction over the action pursuant to 28 U.S.C.

1

1  sections 1331 and 1343(a)(3) [erroneously stated as section 1343(3) in the
2  Complaint], as the controversy is alleged to arise under "the Constitution, laws or
3  treatises of the United States." Defendant City admits that Plaintiffs allege this
4  claim arises under the Fair Labor Standards Act of 1938, 29 U.S.C. sections 201 et
5  seq. ("FLSA").

## VENUE

7  2. Answering paragraph 2 of the Complaint, Defendant City admits that
8  venue is proper in the Central District of California pursuant to 28 U.S.C. section
9  1391(b) because of the acts, events, or omissions allegedly giving rise to the claim
10 occurred in this District.

## PARTIES

12  3. Answering paragraph 3 of the Complaint, Defendant City admits that
13 Plaintiffs CARLOS H. LIMON, NORMA BRIBIESCA, JULIO CARRILLO,
14 SALVADOR CURIEL, ALEJANDRO ESTRADA, STEVEN IWASKO, CIAN
15 LENEHAN, ALEJANDRO MARIN, FRANK MEDINA, JOANA MENDOSA,
16 HEATH MILLER, MARIA NEGRANTI, EFRAIN ISAAC OSEGUERA, ISRAEL
17 REYES, AND ROSANNE TESORO are or were employed by Defendant City.
18 Except as expressly admitted herein, Defendant City lacks sufficient knowledge or
19 information to form a belief as to the truth of all the allegations contained in
20 paragraph 3 and on that basis denies each and every allegation contained in
21 paragraph 3.
22  4. Answering paragraph 4 of the Complaint, Defendant City admits that it
23 is a political subdivision of the State of California. Defendant City also admits that
24 it is an employer who has employees as defined in 29 U.S.C. sections 203(d) and
25 203(e)(2)(C). Except as expressly admitted herein, Defendant City lacks sufficient
26 knowledge or information to form a belief as to the truth of all the allegations
27 contained in paragraph 4 and on that basis denies each and every allegation
28 contained in paragraph 4.

## CLAIM FOR RELIEF

5. Answering paragraph 5 of the Complaint, Defendant City incorporates its responses to paragraphs 1-4, as though fully set forth herein.

6. Answering paragraph 6 of the Complaint, Defendant City denies, generally and specifically, each and every allegation contained in paragraph 6.

7. Answering paragraph 7 of the Complaint, Defendant City admits that Plaintiffs are rank and file employees. Except as expressly admitted herein, Defendant City denies, generally and specifically, each and every allegation contained in paragraph 7.

8. Answering paragraph 8 of the Complaint, Defendant City denies, generally and specifically, each and every allegation contained in paragraph 8.

9. Answering paragraph 9 of the Complaint, Defendant City denies, generally and specifically, each and every allegation contained in paragraph 9.

10. Answering paragraph 10 of the Complaint, paragraph 10 is entirely legal argument and/or statements of law and as such, Defendant City is not required to answer paragraph 10. To the extent any facts are alleged in paragraph 10, Defendant City denies, generally and specifically, all such facts.

11. Answering paragraph 11 of the Complaint, Defendant City denies, generally and specifically, each and every allegation contained in paragraph 11.

12. Answering paragraph 12 of the Complaint, Defendant City denies, generally and specifically, each and every allegation contained in paragraph 12.

13. Answering paragraph 13 of the Complaint, Defendant City denies, generally and specifically, each and every allegation contained in paragraph 13.

14. Answering paragraph 14 of the Complaint, Defendant City denies, generally and specifically, each and every allegation contained in paragraph 14.

15. Answering paragraph 15 of the Complaint, paragraph 15 is entirely legal argument and/or statements of law and as such, Defendant City is not required to answer paragraph 15. To the extent any facts are alleged in paragraph 15,

Defendant City denies, generally and specifically, all such facts.

16. Answering paragraph 16 of the Complaint, Defendant City denies, generally and specifically, each and every allegation contained in paragraph 16.

17. Answering paragraph 17 of the Complaint, Defendant City denies, generally and specifically, each and every allegation contained in paragraph 17.

18. Answering paragraph 18 of the Complaint, Defendant City denies, generally and specifically, each and every allegation contained in paragraph 18.

19. Answering paragraph 19 of the Complaint, Defendant City denies, generally and specifically, each and every allegation contained in paragraph 19.

## AFFIRMATIVE DEFENSES

### FIRST AFFIRMATIVE DEFENSE

### (White Collar and other Overtime Exemptions)

Plaintiffs are barred from recovery to the extent they were exempt from the overtime requirements of the FLSA under the highly compensated employee, administrative, professional, executive, and/or computer exemptions, pursuant to 29 U.S.C. sections 13(a)(1) and 13(a)(17).

### SECOND AFFIRMATIVE DEFENSE

### (Offset)

Defendant City is entitled to offset and/or credit any compensation owed under the FLSA by compensation paid in excess of the statutory minimums pursuant to 29 U.S.C. section 207(h).

### THIRD AFFIRMATIVE DEFENSE

### (Good Faith)

Defendant City acted in good faith and had reasonable grounds for believing its conduct was in compliance with the Fair Labor Standards Act, thereby precluding any award of liquidated damages to Plaintiffs, pursuant to 29 U.S.C. section 260.

//

## FOURTH AFFIRMATIVE DEFENSE

### (Statute of Limitations)

Plaintiffs' claims are barred in whole or in part by the applicable statute of limitations, and Plaintiffs are limited to at most a two-year statute of limitations as any alleged violation was not willful, pursuant to 29 U.S.C. section 255(a).

## FIFTH AFFIRMATIVE DEFENSE

### (*De Minimis* Time)

Defendant City is not required to compensate Plaintiffs for time that is insubstantial, insignificant, or *de minimis*.

## SIXTH AFFIRMATIVE DEFENSE

### (Reliance on Written Interpretation)

Plaintiffs' recovery is barred in whole or in part because Defendant City adopted policies in conformity with and in reliance on written administrative interpretation issued by the Administrator of the Wage and Hour Division of the Department of Labor, pursuant to 29 U.S.C. 259.

## SEVENTH AFFIRMATIVE DEFENSE

### (Relief from Liability for Preliminary and/or Postliminary Activities)

Plaintiffs' recovery is barred to the extent Plaintiffs seek compensation for preliminary to or postliminary to the principal activities Plaintiffs are required to perform, pursuant to 29 U.S.C. section 254(a).

## EIGHTH AFFIRMATIVE DEFENSE

### (Restriction on Activities Compensable under Contract or Custom)

Plaintiffs' recovery is barred to the extent Plaintiffs seek compensation for activities compensable by contract or custom, pursuant to 29 U.S.C. section 254(b)-(c).

//
//
//

## NINTH AFFIRMATIVE DEFENSE

### (Waiver)

Plaintiffs' claims are barred in whole or in part by the doctrine of waiver. During the course and scope of the activities described in the Complaint, and by their own acts, errors, and omissions, Plaintiffs have waived all claims.

## TENTH AFFIRMATIVE DEFENSE

### (Failure to State a Claim)

Plaintiffs have failed to state any claim upon which relief can be granted.

## ELEVENTH AFFIRMATIVE DEFENSE

### (Unclean Hands)

Plaintiffs' claims are barred in whole or in part by the doctrine of unclean hands. Among other things, Plaintiffs did not actually work the overtime hours reported to Defendant City. Plaintiffs' claims are further barred due to Plaintiffs' other acts and omissions, including but not limited to knowledge, acquiescence, consent, approval, ratification, participation and/or failure to notify Defendant City of the acts complained of in this action.

## TWELFTH AFFIRMATIVE DEFENSE

### (Laches)

Plaintiffs' claims are barred in whole or in part by the doctrine of laches. Plaintiffs have unreasonably delayed commencement of this action such that recovery, if any, should be barred or reduced according to proof at trial.

## THIRTEENTH AFFIRMATIVE DEFENSE

### (Failure to Exhaust Collective Bargaining Grievance Procedures)

Plaintiffs' claims are barred in whole or in part by Plaintiffs' failure to exhaust collective bargaining grievance procedures. To the extent Plaintiffs' claims address disputes within the scope of their memoranda of understanding (MOU), Plaintiffs must follow the grievance procedures of such agreements.

//

### FOURTEENTH AFFIRMATIVE DEFENSE
### (Government Tort Claim)

Plaintiffs' claims are barred for failure to comply with the California Government Tort Claims Act.

### FIFTEENTH AFFIRMATIVE DEFENSE
### (Failure to Exhaust Administrative Remedies)

Plaintiffs' claims are barred for failure to exhaust any and all applicable administrative remedies.

### SIXTEENTH AFFIRMATIVE DEFENSE
### (Ratification)

Plaintiffs' claims are barred because Plaintiffs ratified and confirmed the transactions that are the subject of the Complaint.

### SEVENTEENTH AFFIRMATIVE DEFENSE
### (Mootness)

Plaintiffs' claims are barred in whole or in part because some or all of the allegations in the Complaint are moot.

### EIGHTEENTH AFFIRMATIVE DEFENSE
### (Failure to Mitigate)

Plaintiffs' claims are barred to the extent Plaintiffs failed to mitigate their damages.

### NINETEENTH AFFIRMATIVE DEFENSE
### (Actual/Constructive Knowledge)

Defendant City lacked actual and constructive knowledge of any underpayment of compensation to Plaintiffs as alleged in the Complaint.

### TWENTIETH AFFIRMATIVE DEFENSE
### (Suffer/Permit)

Defendant City did not suffer or permit, or otherwise authorize the acts or omissions alleged in Plaintiffs' Complaint.

## TWENTY-FIRST AFFIRMATIVE DEFENSE

### (Uncertainty)

Plaintiffs' claims are barred because each cause of cause of action, as pled, is uncertain.

## TWENTY-SECOND AFFIRMATIVE DEFENSE

### (Bona Fide Plan)

Defendant City has a "bona fide plan" for providing health insurance or other similar benefits for employees.

## TWENTY-THIRD AFFIRMATIVE DEFENSE

### (Estoppel)

Plaintiffs' recovery is barred in whole or in part by equitable estoppel. Plaintiffs should be estopped from asserting claims inconsistent with Plaintiffs' previous positions on the same issues.

## **PRAYER**

WHEREFORE, Defendant City prays as follows:

1. That Plaintiffs take nothing by reason of the Complaint and that judgment be entered in favor of Defendant City;
2. That Defendant City be awarded costs of suit incurred in defense of this action;

//
//
//
//
//
//
//
//
//

3. That Defendant City be awarded reasonable attorney fees as may be determined by the Court; and

4. Such other and proper relief as the Court deems just and proper.

Dated: February 1, 2019

LIEBERT CASSIDY WHITMORE

By: _____
Elizabeth T. Arce
Jennifer K. Palagi
Jolina Abrena
Attorneys for Defendant CITY OF GUADALUPE

LIEBERT CASSIDY WHITMORE
A Professional Law Corporation
6033 West Century Boulevard, 5th Floor
Los Angeles, California 90045

9
DEFENDANT CITY OF GUADALUPE'S ANSWER TO COMPLAINT FOR DAMAGES
8700639.4 GU040-003